# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DENISE R. BODINE,

                   Plaintiff,

                                           Civ. Action No.
v.                                    3:11-CV-1265 (LEK/DEP)

CAROLYN W. COLVIN,[1] Commissioner
of Social Security*,*

                   Defendant.
_____

<u>APPEARANCES</u>:               <u>OF COUNSEL</u>:

<u>FOR PLAINTIFF</u>:

FOSTER LAW OFFICE          JONATHAN FOSTER, ESQ.
407 South Main Street
Athens, PA 18810

<u>FOR DEFENDANT</u>:

HON. RICHARD S. HARTUNIAN    SANDRA GROSSFELD, ESQ.
United States Attorney for N.D.N.Y.  Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

_____

      [1]    Plaintiff's complaint named Michael J. Astrue, as the Commissioner of Social Security, as the defendant.  On February 14, 2013, Carolyn W. Colvin took office as Acting Social Security Commissioner.  She has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change. *See* 42 U.S.C. § 405(g).

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Plaintiff Denise R. Bodine has commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative determination denying her application for supplemental security income ("SSI") benefits under the Social Security Act. In support of her appeal, plaintiff argues that the administrative law judge ("ALJ") assigned to review her application failed to fulfill his obligation to fully develop the record, particularly in light of her *pro se* status at the time of the hearing, and that the ALJ was biased against her.

Having carefully reviewed the record, in the light of plaintiff's arguments, I conclude that the ALJ satisfied his obligation to both insure that plaintiff understood her right, by statute and regulation, to be represented by counsel, providing her with information as to where to seek representation and offering an adjournment for that purpose, and that he was under no obligation to further develop the record. Accordingly, I recommend that plaintiff's complaint be dismissed.

## I.    BACKGROUND

Plaintiff was born in May 1982; at the time of the hearing in this matter, held on April 9, 2010, she was twenty-seven years old.[2]  AT 97, 107.  Plaintiff is not married, and lives in an apartment with her daughter in Waverly, New York.  AT 98, 122-25.  At a height of five-feet, four-inches and a weight of three hundred forty-five pounds, plaintiff is morbidly obese.  AT 113, 189; 191.

Plaintiff has not worked in several years.[3]  Plaintiff's last employment appears to have been as a temporary, seasonal cashier at Wal-Mart.  AT 49-50, 115.  Prior to that time, she held employment in various other settings, including as a cashier, bagger and cart person, newspaper inserter, and fast food short-order cook.  AT 115.

Over time, plaintiff has been treated for various physical conditions, including asthma.  Treatment for that condition has been provided by several sources, including Dr. Tahirul Hoda of Appalachin Family Care

---

[2]      Portions of the administrative transcript, which consists of a compilation of medical records and other evidence that was before the agency at the time its determination in this matter was made, and was filed by the Commissioner on February 14, 2012, Dkt. No. 8, will be hereinafter cited as "AT ___".

[3]      In her disability report plaintiff states that she stopped working on January 15, 2004.  AT 114.  During the hearing, however, she stated that she has not worked since either 2002 or 2003.  AT 49.

Family Practice, from whom plaintiff has been receiving treatment since 2003 or 2004. AT 53-54, 134, 177-86, 206-16, 219-27. Plaintiff also suffers from arthritis, carpal tunnel syndrome, sleep apnea, diabetes, acid reflux, bone spurs, a hernia, and obesity, although she considers asthma as her most serious condition. AT 51-53, 113. Plaintiff has used Povental and Albuterol inhalers to control her asthma, medication to regulate her blood pressure, and Naproxen for arthritis pain, and takes Singular for breathing relief. AT 55-56,138.

Despite her medical conditions, plaintiff is able to shower, dress, cook, care for her daughter, and undertake light house cleaning. AT 56-60, 123-27. Plaintiff is unable, however, to wash dishes, do laundry, or shop extensively without assistance. *Id.* Plaintiff testified that she can entertain in her home, watch television, occasionally use the computer, and dine out, but has no hobbies, nor does she belong to any clubs. AT 59.

## II.    PROCEDURAL HISTORY

### A.    Proceedings Before the Agency

On November 19, 2008, plaintiff submitted an application for SSI benefits under the Act.  AT 97-100.  In a disability report filed in connection with her application, plaintiff stated that she is limited in her ability to work as a result of "[a]rthritis, asthma, over weight, carpal tunnel, acid reflux, bone spurs, hernia," adding that, as a result of her conditions, she experiences the following limitations:

> I can't stand for any length of time, my knees crack and lock up and I fall down, my hands ache and I can't move them, can't grasp or lift with the carpal tunnel – my hands constantly fall asleep on me, get short of breath.

AT 114.

Following an initial rejection of plaintiff's application, a hearing was held before ALJ John M. Lischak on April 9, 2010, to address her application for SSI benefits.  AT 28-69.  Plaintiff appeared *pro se* at that hearing.  *Id.*  ALJ Lischak subsequently issued a written decision on July 23, 2010, in which, after making a *de novo* review of the available relevant materials, he concluded that plaintiff was not disabled at any relevant time, and therefore was not entitled to SSI benefits.

In arriving at his determination the ALJ applied the now-familiar, five-step test for determining disability. AT 22-23. At step one, the ALJ concluded that plaintiff had not engaged in any substantial gainful activity since the date of her application. AT 23. ALJ Lischak next found that plaintiff suffers from several severe physical impairments, including "primarily a history of asthma, a left knee impairment, diabetes mellitus (DM), and hypertension (HTN), and obstructive sleep apnea (OSA) along with morbid obesity[,]" but concluded that those impairments do not, either individually or collectively, meet or medically equal any of the listed, presumptively disabling impairments set forth in the Commissioner's regulations (20 C.F.R. Pt. 404, Subpt. P, App. 1). *Id.*

Before turning to step four, the ALJ reviewed the available record evidence and concluded that, despite her medical conditions, plaintiff retains the residual functional capacity ("RFC") to perform a wide range of sedentary work, including the ability to (1) lift and carry up to twenty pounds; (2) sit up to seven hours in an eight hour work day, provided that she has the ability to alternate between sitting and standing as necessary; and (3) stand and/or walk for one hour continuously. AT 23. ALJ Lischak also noted that in light of her asthma, plaintiff would be subject to

additional, non-exertional, environmental limitations, including the need to avoid exposure to significant potential respiratory irritants, such as gases, dust, fumes, and temperature/humidity extremes.  AT 23-26.  Applying that RFC determination, the ALJ concluded that, notwithstanding her physical conditions, plaintiff is able to perform her past relevant work as a newspaper inserter.  AT 26.  Despite this finding, which could have ended the inquiry, the ALJ went on to step five and, considering his RFC determination and plaintiff's other relevant characteristics, concluded that a finding of no disability was warranted, based upon application of the medical vocational guidelines set forth in the regulations ("grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, and specifically Rule 201.27 thereof.[4]

---

[4]     Following the close of the hearing and the issuance of the ALJ's decision, plaintiff submitted to the agency an additional document for inclusion in the file, consisting of a letter, dated November 24, 2010, from the Tioga County Department of Mental Hygiene revealing an Axis I diagnosis of depressive disorder not otherwise specified ("NOS") and post-traumatic stress disorder.  AT 8.  In her present challenge, however, she does not press these mental impairments as further limiting her ability to perform her past relevant work or significantly eroding the framework upon which the grids are predicated.  I note, moreover, that neither that letter nor anything else in the record suggests the plaintiff suffers from a diminished mental capacity.

B.    <u>This Action</u>

Plaintiff commenced this action on October 25, 2011.  Dkt. No. 1.

Issue was thereafter joined on February 13, 2012, by the filing of an

answer on behalf of the Commissioner, followed by the submission of the

administrative transcript of the evidence and proceedings before the

agency.  Dkt. Nos. 7, 8.  With the filing of plaintiff's brief on April 26, 2012,

Dkt. No. 12, and the Commissioner's brief on August 16, 2012, Dkt. No.

15, the matter is now ripe for determination, and has been referred to me

for the issuance of a report and recommendation pursuant to 28 U.S.C. §

636(b)(1)(B) and Northern District of New York Local Rule 72.3(d).  See

also Fed. R. Civ. P. 72(b).

III.    <u>DISCUSSION</u>

A.    <u>Scope of Review</u>

A court's review under 42 U.S.C. § 405(g) of a final decision by the

Commissioner is limited; that review requires a determination of whether

the correct legal standards were applied, and whether the decision is

supported by substantial evidence.  *Veino v. Barnhart*, 312 F.3d 578, 586

(2d Cir. 2002); *Shaw v. Chater,* 221 F.3d 126, 131 (2d Cir. 2000); *Schaal*

*v. Apfel,* 134 F.3d 496, 501 (2d Cir. 1998); *Martone v. Apfel*, 70 F. Supp.

8

2d 145, 148 (N.D.N.Y. 1999) (Hurd, J.) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).   Where there is reasonable doubt as to whether the Commissioner applied the proper legal standards, his decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence.  *Martone*, 70 F. Supp. 2d at 148 (citing *Johnson*, 817 F.2d at 986).  If, however, the correct legal standards have been applied, and the ALJ's findings are supported by substantial evidence, those findings are conclusive, and the decision should withstand judicial scrutiny regardless of whether the reviewing court might have reached a contrary result if acting as the trier of fact.  *Veino*, 312 F.3d at 586; *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988); *Barnett v. Apfel,* 13 F. Supp. 2d 312, 314 (N.D.N.Y. 1998) (Hurd, M.J.); *see also* 42 U.S.C. § 405(g).

The term "substantial evidence" has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S. Ct. 206, 217 (1938)); *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003).  To be substantial, there must be "'more than a mere

scintilla'" of evidence scattered throughout the administrative record. *Richardson*, 402 U.S. at 401, 91 S. Ct. at 1427 (quoting *Consolidated Edison Co.*, 308 U.S. at 229, 59 S. Ct. 219); *Martone,* 70 F. Supp. 2d at 148 (quoting *Richardson*). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 715 S. Ct. 456, 464 (1951)).

When a reviewing court concludes that incorrect legal standards have been applied, and/or that substantial evidence does not support the agency's determination, the agency's decision should be reversed. 42 U.S.C. § 405(g); *see Martone*, 70 F. Supp. 2d at 148. In such a case the court may remand the matter to the Commissioner under sentence four of 42 U.S.C. § 405(g), particularly if deemed necessary to allow the ALJ to develop a full and fair record or to explain his or her reasoning. *Martone*, 70 F. Supp. 2d at 148 (citing *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). A remand pursuant to sentence six of section 405(g) is warranted

if new, non-cumulative evidence proffered to the district court should be considered at the agency level.  *See Lisa v. Sec'y of Dep't of Health and Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991).  Reversal without remand, while unusual, is appropriate when there is "persuasive proof of disability" in the record and it would serve no useful purpose to remand the matter for further proceedings before the agency.  *See Parker*, 626 F.2d at 235; *see also Simmons v. United States R.R. Ret. Bd.,* 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of Health and Human Servs*., 705 F.2d 638, 644 (2d Cir. 1983).

B.     <u>Disability Determination - The Five Step Evaluation Process</u>

The Social Security Act defines "disability" to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A). In addition, the Act requires that a claimant's

> physical or mental impairment or impairments [must
> be] of such severity that he is not only unable to do
> his previous work but cannot, considering his age,
> education, and work experience, engage in any other
> kind of substantial gainful work which exists in the
> national economy, regardless of whether such work

> exists in the immediate area in which he lives, or
> whether a specific job vacancy exists for him, or
> whether he would be hired if he applied for work.

*Id.* at § 423(d)(2)(A).

The agency has prescribed a five step evaluative process to be employed in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The first step requires a determination of whether the claimant is engaging in substantial gainful activity; if so, then the claimant is not disabled, and the inquiry need proceed no further. *Id.* at §§ 404.1520(b), 416.920(b). If the claimant is not gainfully employed, then the second step involves an examination of whether the claimant has a severe impairment or combination of impairments which significantly restricts his or her physical or mental ability to perform basic work activities. *Id.* at §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from such an impairment, the agency must next determine whether it meets or equals an impairment listed in Appendix 1 of the regulations. *Id. at* §§ 404.1520(d), 416.920(d), Part 404, Subpt. P, App. 1. If so, then the claimant is "presumptively disabled." *Id.* at §§ 404.1520(d), 416.920(d); *see also Martone*, 70 F. Supp. 2d at 149 (citing *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984)).

If the claimant is not presumptively disabled, step four requires an assessment of whether the claimant's RFC precludes the performance of his or her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If it is determined that it does, then as a final matter, the agency must examine whether the claimant can do any other work. *Id.* at §§ 404.1520(f), 416.920(f).

The burden of showing that the claimant cannot perform past work lies with the claimant. *Burgess v. Astrue*, 537 F.3d 117, 118 (2d Cir. 2008); *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996); *Ferraris*, 728 F.2d at 584. Once that burden has been met, however, it becomes incumbent upon the agency to prove that the claimant is capable of performing other work. *Burgess*, 77 F.3d at 118; *Perez*, 77 F.3d at 46. In deciding whether that burden has been met, the ALJ should consider the claimant's RFC, age, education, past work experience, and transferability of skills. *Ferraris*, 728 F.2d at 585; *Martone*, 70 F. Supp. 2d at 150.

C.    The Evidence in this Case

In support of her challenge of the Commissioner's determination Bodine does not cite any findings of the ALJ claimed to be unsupported by substantial evidence. Instead, she argues that (1) her waiver of the right

13

to be represented by counsel at the administrative hearing was not knowing and voluntary; (2) the ALJ failed to fulfill his duty to fully develop the record; and (3) the ALJ was not unbiased.

1. Right to Counsel

It is well-established that a Social Security claimant has no constitutional right to be represented by counsel at an administrative disability hearing. *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009). The right to legal representation in connection with such a proceeding, however, is conferred both statutorily and by regulation. 42 U.S.C. § 406; 20 C.F.R. §§ 404.1705, 416.1505; *see also Lamay,* 562 F.3d at 507.

The right of a claimant to legal representation at a Social Security hearing was discussed by the Second Circuit in its seminal decision in *Lamay.* There, rejecting more stringent requirements imposed in other circuits, the court concluded that, provided the ALJ insures that the claimant is made aware of the right to counsel and the requirements of the controlling statute and regulations are met, a knowing and intelligent waiver of that right may be accepted. *Lamay*, 562 F.3d at 507-08; *see also Miller v. Astrue,* No. 11-CV-0631, 2012 WL 3061949, at *2 (N.D.N.Y.

July 26, 2012) (Sharpe, J.)  Those requirements imposed by statute and regulation include the obligation to notify the claimant in writing of the available options for securing legal representation at the hearing, and of the availability of organizations providing legal services free of charge to qualifying claimants.  *Id.* at 507 (citing 42 U.S.C. §§ 406(c), 1383(d)(2)(D); 20 C.F.R. § 404.1706)).

In this instance, these obligations were satisfied.  Plaintiff received a letter from the agency advising of her right to legal representation and providing information that included, *inter alia*, advice regarding organizations that provide free legal services and indicating that the agency maintains a list of such organizations.  AT 91-92.  At the outset of the hearing, ALJ Lischak confirmed that the plaintiff had received a letter advising of her right to counsel, and that she understood the communication.  AT 31-34.  ALJ Lischak went over the letter in detail with the plaintiff, and painstakingly informed her of the availability of free legal services, additionally describing for her what a contingency fee arrangement entailed.  AT 34-39.  The ALJ then explained to the plaintiff what was at stake, and offered to adjourn the hearing in order to afford her an opportunity to retain counsel.  AT 40-41.  Despite receiving all of

this information, plaintiff opted to proceed *pro se*.  Under these circumstances, I find no basis to conclude that the ALJ failed to fulfill his legal obligation to properly notify plaintiff of her right to counsel and explain that right, nor do I discern any basis to find that her waiver of that right was not knowing and voluntary.

## 2. Development of the Record

Plaintiff also argues that the ALJ failed to properly develop the record in this matter.  By statute, an ALJ is under an obligation to not only to develop a claimant's complete medical history for at least twelve months prior to the filing of an application for benefits, "but also to gather such information for a longer period if there [is] reason to believe that the information [is] necessary to reach a decision."  *DeChirico v. Callahan*, 134 F.3d 1177, 1184 (2d Cir. 1998) (citing 42 U.S.C. § 423(d)(5)(B) as incorporated by 42 U.S.C. § 1382c(a)(3)(G) and 20 C.F.R. § 416.912(d)).  This obligation is particularly acute in the case of a claimant who is unrepresented by counsel.  *Mimms v. Heckler*, 750 F.2d 180, 185 (2d Cir. 1984).  As the Second Circuit has noted, "where a claimant proceeds *pro se*, the ALJ has a duty 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'"  *Lamay*, 562 F.3d at 509

16

(*quoting Hankerson v. Harris*, 636 F.2d 893, 895 (2d Cir. 1980)).

The affirmative duty imposed upon an ALJ to fully develop an administrative record is not without limits, and is heavily dependent upon the circumstances of the case at hand. *Miller,* 2012 WL 3061949, at *3 (citing *Guile v. Barnhart,* No. 07-CV-0259, 2010 WL 2516586, at *3 (N.D.N.Y. June 14, 2010) (Sharpe, J.)). The duty to re-contact treating medical sources in order to fully develop a record arises only when the ALJ cannot decide the issue of disability based upon the existing evidence. *Rosa v. Callahan*, 168 F.3d 72, 79, n.5 (2d Cir. 1999) (*citing Perez v. Chater*, 77 F.3d 41, 47-48 (2d Cir. 1996)). When no obvious gaps exist in the administrative record, there is no affirmative obligation to seek additional information. *Rosa*, 168 F.3d at 79, n.5; *see also Miller,* 2012 WL 3061949, at *3.

In this instance, there is no basis to conclude that the ALJ was under a duty to further develop the record. Plaintiff has not identified any medical records that were available but not obtained, nor has she pointed to any treating sources that should have been re-contacted for the purpose of acquiring missing information. *See Collins v. Astrue*, No. 08-CV-1357, 2010 WL 877541, at *7 (N.D.N.Y. Feb. 4, 2010) (Bianchini,

M.J.), *report and recommendation rejected in part on other grounds by* 2010 WL 786286 (N.D.N.Y. Feb. 26, 2010) (Kahn, J.) ("[T]he duty to re-contact only arises if the ALJ is unable to determine whether the claimant is disabled based upon the existing evidence."); *see also Rosa*, 168 F.3d at 79 n.5. Although plaintiff argues that she did not have an adequate opportunity to review her available records prior to the hearing, she does not identify any prejudice resulting from that failure. Accordingly, and particularly in light of the ALJ's offer of an adjournment, there was no due process violation associated with that failure. *Collins,* 2010 WL 786286, at *10.

I note, moreover, that the record in this case discloses that the ALJ carefully considered plaintiff's hearing testimony, and elicited information from her concerning her work record, her impairments, and the symptoms associated with those conditions. AT 47-62. At the close of the hearing, the ALJ provided plaintiff with a form to be completed by her treating physician, Dr. Hoda, and advised her that he would keep the record open for the purpose of reviewing a supplemental report, and, if she needed more time, she could make that request. AT 66-68. The record, however, does not contain any indication that the form was competed and returned

to the agency.

The extent to which the ALJ went in this instance to probe plaintiff's physical condition and limitations readily distinguishes this case from *Williams v. Barnhart*, No. 02-CV-0125, 2003 U.S. Dist. LEXIS 18122 (E.D. Pa. Aug. 29, 2003), a case relied upon by the plaintiff. *Williams* involved a claim brought by the mother of a minor child identified as having borderline intellectual functioning, serious concentration problems, and task preserverance difficulties. *Williams*, 2003 U.S. Dist. LEXIS 18122, at *1. The ALJ's examination of the child at the time of the hearing consisted of a mere three pages, revealing inquiries into only superficial matters. *Id.* at *4-11. The reviewing court in that case was troubled both by this fact and that the ALJ relied upon the testimony of the six year old claimant, rejecting comprehensive and conflicting testimony of her mother. *Id.* at *10-11. In this case, by contrast, the ALJ's questioning of the plaintiff was anything but superficial, and does not reveal any failure to develop the record.

### 3.    Hearing Officer Bias

Plaintiff's brief, in passing, correctly asserts her right to a hearing before an impartial hearing officer, intimating that ALJ Lischak was not unbiased.  Undeniably, a claimant seeking administrative review of an application for Social Security benefits is entitled to a hearing before an unbiased ALJ.  *See Schweiker v. McClure*, 456 U.S. 188, 195 (1982) ("[D]ue process demands impartiality on the part of those who function in judicial or quasi-judicial capacities.").  The law presumes, however, that a person serving as an ALJ, including for purposes of adjudicating social security claims, is unbiased.  *Rawlands v. Massanari*, 261 F.3d 853, 857-58 (9th Cir. 2001); *cf. McClure,* 456 U.S. at 195 (involving hearing officers deciding Part B medicare claims).  This presumption may be rebutted where there is evidence of bias or an inability of an ALJ be fair. *Rawlands*, 261 F.3d at 857-58; *Little v. Comm'r of Soc. Sec.*, 780 F. Supp. 2d 1143, 1150 (D. Ore. 2011); *see also McClure*, 456 U.S. at 195-96.

Here, aside from citing the ALJ's alleged failure to fully develop the record, plaintiff offers the court no plausible reason to question  the ALJ's impartiality in this case.  Accordingly, I recommend a finding that the presumption of the hearing officer's impartiality has not been rebutted.

## IV.   SUMMARY AND RECOMMENDATION

Having been fully informed of her right to counsel, provided with information to assist her in securing legal representation, and offered the opportunity for a hearing adjournment to afford her the opportunity to retain an attorney, the plaintiff in this case knowingly and voluntarily waived her right to counsel.  At the hearing, the ALJ questioned the plaintiff at length concerning her condition and resulting limitations, and fulfilled his duty to develop the record before determining the issue of disability in an unbiased manner.  In reviewing the record I find no reason to question the ALJ's determination, or to find that it is not supported by substantial evidence.[5]  Accordingly, it is therefore hereby

RECOMMENDED that the defendant's motion for judgment on the pleadings be GRANTED, the Commissioner's determination be AFFIRMED, and the plaintiff's complaint in this matter be DISMISSED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.

---

[5]      The ALJ's RFC determination is in fact supported by a medical source statement provided by plaintiff's treating physician, Dr. Hoda.  AT 219-24.

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the parties in accordance with this

court's local rules.

Dated:     February 25, 2013
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge